IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

LEVI MOHNEY, et al.,

                 Plaintiff,         Case No. 3:97 CV 7417

    -vs-

                                           O R D E R

USA HOCKEY, INC., et al.,

                 Defendant.

KATZ, J.

       Pending before the Court is Defendant's motion to award costs in the total amount of $20,525.06. (Doc. No. 378). The Plaintiff has responded to that motion and Defendant has filed a reply. While Plaintiff objects to certain costs in the amount of $2,793.75, the Court will not address the individual cost items composing the total noted above.

       This case has a long history before this Court and the Court of Appeals. It began with the filing of a complaint in 1997, the granting of summary judgment by this Court, reversal in part by the Court of Appeals and remand to this Court for further proceedings. There followed an extended discovery process after which there were motions to exclude testimony on the basis of *Daubert* and a more than 30 hour *Daubert* hearing. This all was followed by this Court granting the motion of the Defendant to exclude scientific testimony and granting the Defendants' motion for summary judgment. That ruling has recently been upheld by the Sixth Circuit Court of Appeals.

       This Court has discretion under Fed. R. Civ. P. 54(d) to award or deny the award of costs to the prevailing party in any given case. As this Court has said on many occasions, this case

arose out of a tragic accident which rendered Levi Mohney a quadriplegic. Levi and his family have suffered a grievous loss, the cost of which is almost unimaginable and unascertainable. This case was hotly disputed and was not one of those in which the Defendants had a "slam dunk". This is evidenced by the trips to the Court of Appeals and the long *Daubert* hearing which resulted in the ultimate dismissal of the case. Under these circumstances, this Court, noting and accepting Plaintiff's counsel's representation of the burden on the Plaintiff's family and with my knowledge of the cost of care and maintenance of a quadriplegic, will decline to award costs to the Defendant.

Each party will bear their own costs in this case. Defendant's motion for an award of costs is denied.

IT IS SO ORDERED.

                                                                                                                     s/ *David A. Katz*  
                                                                                                                    DAVID A. KATZ  
                                                                                                                     U. S. DISTRICT JUDGE